SAAVEDRA, PLAINTIFF AND APPELLANT, *v.* MORENO, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in an Action of Unlawful Detainer.

No. 2846.—Decided July 21, 1924.

UNLAWFUL DETAINER—LEASE—PRIVATE DOCUMENT—THIRD PERSONS—CONTRACT— ATTORNEY IN FACT.—The contract of lease for six years, the basis of this action, is a private document alleged to have been executed by the attorney in fact of the owner of the property a few months before the appointment of the administrator who brought the action of unlawful detainer alleging failure to pay a monthly instalment of rent according to an oral contract. *Held:* That in accordance with section 1247 of the Civil Code as amended March 7, 1912, a contract made through an agent shall be by means of an authentic document, and in the absence of evidence that the date on a private document is correct, and all the circumstances indicating the contrary, there is no probative force in the contract of lease made by the attorney in fact in this case, which is not binding on third persons, for it was the intention of the Legislature to place a principal in the same position, more or less, as a third person generally within the meaning of section 1195 of the Civil Code.

The facts are stated in the opinion.

*Mr. D. Monserrat, Jr.,* for the appellant.

*Mr. C. Honoré* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

. The plaintiff, as judicial administrator, brought an action of unlawful detainer against the defendant alleging the failure to pay the rental for one month under a verbal agreement of lease at the rate of $105 per month. . Defendant

set up, among other defenses, the existence of a written contract for the term of five years at the rate of $100 monthly, a tender of payment of that amount, the refusal of the plaintiff to accept it and its deposit in court.

The amount involved, therefore, as shown by the pleadings, according to the theory upon which the case was tried in the court below and submitted on appeal, would seem to be a matter of $5 a month for a period of time somewhat less than five years, or a sum not exceeding $300.

The court below, after a trial on the merits, dismissed the complaint, basing its action on the existence of a written contract. The trial judge in an opinion filed by him does not discuss the main question raised by appellant in his brief, nor, beyond a reference to the defense above mentioned, is any mention made of the period covered by the contract.

The brief for appellant as well as that for appellee proceeds upon the theory of a contract for a term of five years. After presentation of a memorandum prepared and submitted to this court by the reporting judge upon the same hypothesis it was discovered that the contract introduced in evidence specified a term of six years instead of five. The case was thereupon set for a second hearing at which the appellant did not appear, and the appellee did not question the exactness of the copy of the contract as it appears in the record.

The real question involved as submitted in the briefs is not properly developed by either party and the appellant would have no reason to complain if the judgment should be affirmed on the ground that it is presumed to be correct until the contrary is shown.

The fact, however, that the court below apparently based its action upon a supposed contract for five years when the actual agreement was for a term of six years, is enough perhaps to destroy that presumption if the result depends upon the element of duration. And, be this as it may, the probability of a reversible error seemed so manifest that

we were unable to agree upon a disposition of the case without going into the merits.

The contract of lease in question is a private document said to have been executed by the attorney in fact of the owners of the property leased, a few months before the appointment of an administrator. That the appointment and qualification of the administrator effected, *ipso facto,* the termination of any preexisting agency seems to be conceded by all parties concerned and for the purposes of this opinion it is not necessary to question the soundness of that theory.

In appellant's brief reference is made to section 1247 of the Civil Code, as amended by Act No. 65 of March 7, 1921, without reference to title or page. We find no such amendment in the laws of that year and assume that the Act of the same month and day and bearing the same number, appearing at page 109 of the laws of 1912, is what counsel had in mind.

Section 1195 and section 1247, subdivisions 1, 2 and 5 of the Civil Code, as amended in 1912, are as follows:

"Section 1195.—The date of a private instrument shall be considered, with regard to third persons, only from the date on which it may have been filed or entered in a public registry, from the death of any of those who signed it, or from the date on which it may have been delivered to a public official by virtue of his office.

"The same provision shall apply with respect to the principal in regard to contracts made by his agent, in the cases to which the last respective paragraphs of sections 1640 and 1247 of this Code refer, with the exceptions therein made."

"Section 1247.—The following must appear in a public instrument:

"1. Acts and contracts the object of which is the creation, conveyance, modification, or extinction of rights on real property.

"2. Leases of the same property for six or more years, provided they are to the prejudice of third persons.

\*      \*      \*      \*      \*      \*      \*

"5. The general power of attorney to institute lawsuits and the

special powers of attorney to be presented in suits; the power of attorney to administer property and any other power of attorney, the object of which is an act drafted or which is to be drafted in a public instrument, or which may prejudice a third person.

     ✵       ✵       ✵       ✵       ✵       ✵       ✵

"All other contracts in which the amount of the consideration of one of the two contracting parties exceeds 300 dollars, must be reduced to writing even though it be a private contract.

"In all cases, contracts made through agents shall be made by means of authentic documents, the Municipal Judges and Justices of the Peace being hereby empowered in the absence of a notary, to certify to the authenticity of said contracts, in the manner determined by 'An Act to establish a registry of affidavits or declarations executed before notaries and other public offices,' approved March 12, 1908.

"Notwithstanding the provisions of the preceding paragraph, commercial contracts made by means of correspondence and all those in which the formality of the authentic document may cause prejudicial delay to the nature and rapidity of mercantile traffic, shall be valid."

The amendments consist in the final paragraph added to section 1195 and the last two paragraphs added to section 1247.

The question as to whether a contract of lease for a period of less than five years must be evidenced by a public document, as coming within the scope of the penultimate paragraph of section 1247 as amended, is eliminated, of course, by the term of six years specified in the contract now under consideration.

Whether section 1195 merely establishes a presumption *juris tantum* which must yield to clear and convincing evidence that the date expressed in a private document is authentic, or excludes such evidence together with the document itself, is another question that need not now be discussed for the reason that in the present case there is no very satisfactory showing in this connection. On the con-

trary, all the circumstances point persuasively to an ante-dated document. See, however, volume 9 of Manresa, p. 471.

Indeed it was practically admitted by the attorney for the appellee at the second hearing that if the principals represented by the agent who entered into the lease contract were "third persons" within the meaning of section 1195 as amended, then the judgment could not be permitted to stand.

Although the language of the new matter now contained in the English version of that section does not exactly follow the Spanish text, which is somewhat more intelligible, yet, construing both together, we think that the purpose of the provision is clear in so far as any question herein is concerned. Either the Legislature intended to place principals, as regards contracts entered into by their agents, upon a footing more or less equal to that already enjoyed by "third persons" in general, within the signification of that term as used in section 1195, or else the amendment is meaningless. At least no other more plausible explanation of the legislative intention has been offered, and in the absence of any such alternative suggestion we are constrained to held that the provision means substantially what it says.

With the wisdom of the innovation or the motives that prompted it save in so far as the latter, if known, might shed some light upon the intention, we have nothing to do. Perhaps some distinctions may be drawn as occasion arises, but we need not anticipate questions not necessarily involved herein.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.